UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>         v.<br><br>FRANCISCO GONZALEZ-MURO,<br><br>                    Defendant. | No. CR-02-271-FVS<br><br>ORDER |

**THIS MATTER** comes before the Court based upon the defendant's motion to vacate. He is representing himself. The government is represented by Pamela J. Byerly.

**BACKGROUND**

On March 4, 2003, the defendant was sentenced to 77 months imprisonment based upon his plea of guilty to the crime of alien in the United States after deportation. 8 U.S.C. § 1326. He appealed. On September 11, 2003, the Ninth Circuit summarily affirmed the judgment. The Clerk of the District Court docketed the mandate on October 6, 2003. On April 28, 2004, the defendant filed a motion to vacate. 28 U.S.C. § 2255.

**RULING**

The defendant seeks habeas relief upon a number of grounds. First, the indictment failed to allege he was arrested prior to being deported. *United States v. Davis*, No. 94-5752, 1996 WL 453468 (4th

ORDER - 1

Cir.1996) (unpublished opinion). Second, the maximum sentence for the crime alleged in the indictment is 24 months imprisonment. Third, his attorney failed to provide effective assistance. Finally, his sentence is unconstitutional in light of *Blakely v. Washington*, 542 U.S. ----, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). None of these grounds warrants habeas relief.

### A. Validity of Indictment/Effective Assistance

The statute under which the defendant was charged and convicted does not contain the "arrest" requirement cited by the Fourth Circuit in *Davis*. *United States v. Mendez-Casillas*, 272 F.3d 1199, 1203 (9th Cir.2001). Thus, the defendant's attorney was under no obligation to challenge the omission of such an allegation. By contrast, the defendant's attorney was under an obligation to provide effective assistance during sentencing. This she did. Not only did she submit detailed objections to the presentence investigation report, but also she filed a motion for downward departure.

### B. Maximum Sentence

On direct review, the Ninth Circuit rejected the defendant's argument that the maximum sentence for the crime alleged in the indictment is 24 months imprisonment. (Order of September 11, 2003, at 1.) The defendant may not re-litigate this issue. *United States v. Redd*, 759 F.2d 699, 701 (9th Cir.1985).

### C. *Blakely*

The defendant's *Blakely* claim fails because the rule announced by *Blakely* and *United States v. Booker*, --- U.S. ----, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), is procedural rather than substantive, and,

under *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), the *Blakely/Booker* rule constitutes a new rule that does not apply retroactively to cases, such as the defendant's, that were final when *Blakely* was decided. *See, e.g., United States v. Price*, 400 F.3d 844 (10th Cir.2005).

**IT IS HEREBY ORDERED:**

The defendant's motion to vacate (Ct. Rec. 39) is denied.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to the defendant and to counsel for the government.

**DATED** this  14th   day of April, 2005.

                s/ Fred Van Sickle
                Fred Van Sickle
        Chief United States District Judge

ORDER - 3